CRIST v. ERIE RAILWAY Co., appellant.

*Negligence — building burned by sparks from railway engine.*

Plaintiff's barn took fire shortly after the passage of several of defendant's engines. The railroad track ran about sixty feet from the barn. There was conflicting testimony. Some witnesses swearing that the fire was first seen on the roof where it might have taken from a spark from defendant's engine, others swearing it appeared first on the inside over a room in the barn where a stove was located. There was a conflict on testimony as to whether there was fire in the stove on the night the barn was burned. Evidence was given showing that " spark arresters " were not in use on defendant's engines or were out of order. This was controverted. Also, that the engines frequently threw out burning coal of the size of a walnut, and that a building near the one burned had been previously set on fire. *Held,* that the evidence was sufficient to sustain the finding of a jury that the fire was caused by defendant's negligence.

APPEAL from a judgment in favor of the plaintiff, and from an order denying a' motion for a new trial.

The action was brought to recover damages for the destruction of a barn and other buildings by fire.

The barn in which the fire originated was situated about sixty feet north-east from the track of defendant's road. It stood parallel

with such road, the roof sloping toward the track and the foundation somewhat lower than the bed of the road. It was a wooden building with shingle roof and pine siding running up and down, and closely battened.

The fire took place on the night of December 18, 1870. At the trial of the action there was conflicting testimony as to the part of the building where the fire originated. Some witnesses testifying that it was first seen on the roof toward defendant's road, and others that it appeared coming out of a window over an office located in the barn. In this office there was a stove in which some witnesses testified there was a fire on the night in question, and others that there was no fire. Just previous to the breaking out of the fire, engines belonging to defendant had passed. The night was windy, the wind blowing from the track toward the barn. There was evidence, which was contradicted, tending to show that some of these engines had no "spark arresters" in their smoke-stacks, and others had defective ones; that the engines were run at a high rate of speed. Testimony was given showing that on many occasions burning coals of the size of a walnut had been thrown from defendant's engines, and that another building near the one burned had been fired by them on a previous occasion; that if a proper spark arrester were used coals of the size named could not be thrown out, and that the amount of sparks thrown by an engine is in proportion to the steam used.

The court submitted two questions to the jury: 1. Did the defendant set fire to the buildings. 2. Was the fire caused by the negligence of the defendant uncontributed to by the plaintiff. Both of these questions were found affirmatively by the jury.

*W. W. McFarland,* for appellant.

*Geo. W. Greene,* for respondent.

BARNARD, P. J. The question of fact between these parties has been settled by the jury. The evidence was very conflicting, and it is impossible to reconcile the testimony.

The fire occurred immediately after the passage of one of defendant's trains. Several witnesses say that the fire was first seen in the roof next the railroad track, and some sixty feet distant, and was confined to a small space in the roof. The defendant's witnesses

tend to establish the fact that the fire was first seen below the roof, and in the immediate vicinity of a stove in the building, the pipe from which was let out of the side of the building. The plaintiff's witnesses, or some of them, testify that there was no fire in the stove when the roof was on fire. The defendant's witnesses say there was a good fire in the stove. The jury doubtless believed that the fire originated in the roof, and from the spark of the locomotive. Assuming this fact, then there was abundant proof of negligence on the part of the defendant.

The testimony shows that if a proper screen was used, and it was in good order, it would not permit sparks to escape and be carried so far as to ignite the building. Upon the whole case, I can discover nothing to entitle an appellate court to interfere with the verdict.

*Judgment affirmed, with costs.*